IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RUSSELL SCOTT AVERY,<br><br>Plaintiff,<br><br>vs.<br><br>DAWSON COUNTY CORRECTIONAL FACILITY, SALLY BENNETT, OFFICER HIENBUCK, and WARDEN TOM GREEN,<br><br>Defendants. | CV 14-00012-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Russell Avery filed this action seeking damages based upon alleged violations of his First Amendment right to access the courts. *ECF 2*. Avery is a state prisoner currently incarcerated at the Montana State Prison.

On February 27, 2014, this Court issued an Order after conducting the prescreening analysis required by 28 U.S.C. §§ 1915, 1915A. Avery's allegations failed to state a federal claim, but Avery was given until March 31, 2014, to file an amended complaint. *ECF 6*. He did not do so.

1

Accordingly, on April 22, 2014, this Court issued an Order giving Avery until May 6, 2014, to show cause why the case should not be recommended for dismissal for his failure to comply with the Court's February 27, 2014 Order. *ECF 10*. Avery did not meet the May 6, 2014 deadline and still has neither filed an amended complaint nor shown cause why the case should not be dismissed.

Although no notice of change of address has been filed in this case, Avery filed a notice of change of address in another pending civil action in this Court (CV 13-126-M-DWM) on May 5, 2014. A copy of the Court's April 22, 2014 Order to Show Cause was served upon Avery at his new address on May 12, 2014.

Avery has failed to correct the deficiencies in his Complaint. The Complaint should be dismissed for failure to state a claim.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The

Court having found that Avery failed to state a claim, the dismissal of this matter should be a strike under 28 U.S.C. §1915(g).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.

3

*Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of this action, Avery must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**RECOMMENDATIONS**

1. Avery's Complaint (*ECF 2*) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Avery failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Avery may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a),

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

5

should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of June, 2014.

                                             /s/ Carolyn S. Ostby
                                             United States Magistrate Judge